UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/2/11
```

CIGNA LIFE INSURANCE COMPANY OF NEW
YORK, (CLICNY)

                                        Plaintiff,                    09 Civ. 10147 (RO)

        v.

ROBERT G. GAMBUTI AND THE ESTATE OF
VINCENT V. GAMBUTI,

                                        Defendants.

## ORDER

OWEN, District Judge:

        This action arises out of a dispute regarding conflicting claims to proceeds due under two

life insurance policies issued by Plaintiff CIGNA Life Insurance Company of New York

("CLICNY") subsequent to the death of Vincent Gambuti.  For the reasons that follow, the Court

concurs with the Report and Recommendation of Magistrate Judge George A. Yanthis, and

adopts it in its entirety.  Accordingly, this Court orders that the entire proceeds of the two

policies at issue be paid to the Estate of Vincent Gambuti.

## BACKGROUND

        The factual and procedural background is provided in the January 2, 2011 Report and

Recommendation issued by Magistrate Judge George A. Yanthis, and will not be repeated here

in full.  By way of summary, in January, 2008, CLICNY issued Group Life Insurance Policy No.

FLY-960156 and Group Accident Policy No. YOK 960175 to the policyholder, Pawling

Corporation.  As an employee of the Pawling Corporation, Vincent Gambuti was covered by the policies.

Vincent Gambuti died in September, 2008, unmarried and with no children.  On October 21, 2008, Vincent Gambuti's estranged father, Robert Gambuti, filed a Renunciation of Administration Interest ("Renunciation") and supporting affidavit.  In doing so, Robert Gambuti disclaimed any legal right to benefit from his son's estate, which includes the proceeds from the life insurance policies.

The Estate of Vincent Gambuti ("Estate") filed a claim with CLICNY on May 28, 2009, which CLICNY rejected because it construed the policy to require that the proceeds of the policies be paid to Robert Gambuti because as the decedent's father, he is among the first surviving class of beneficiaries.

On June 13, 2009, Robert Gambuti filed a claim for the proceeds from the policies, and soon thereafter, the Estate appealed CLICNY's rejection of its claim.  CLICNY denied the Estate's appeal, finding that the policies were governed by ERISA and that because the Estate was not a member of the surviving class, the proceeds were not payable to it.

Thereafter, in October, 2009, CLICNY notified both defendants that it could not determine to whom the $96,000 under the policies should be paid.  CIGNA filed an interpleader complaint on December 11, 2009, and subsequently moved for leave to pay the funds directly to the Court and be dismissed from the suit.  This motion was granted by District Judge Kenneth M. Karas on August 12, 2010, and as a result, Robert Gambuti and the Estate became the only remaining parties in this matter.

On January 2, 2011, Magistrate Judge George A. Yanthis issued a Report and
Recommendation in which he recommended that the proceeds of the two policies be paid to
Vincent Gambuti's Estate.  On May 11, 2011, this case was transferred to this Court.

## STANDARD OF REVIEW

United States Magistrate Judges hear dispositive motions and make proposed findings of
fact and recommendations, generally in the form of a Report and Recommendation.  District
courts review those orders under a clearly erroneous or contrary to law standard of review.  28
U.S.C. § 636(b)(1)(A).  In reviewing a Report and Recommendation, a district court "may
accept, reject, or modify, in whole or in part, the findings or recommendations made by the
magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where no timely objection has been made by
either party, a district court need only find that "there is no clear error on the face of the record"
in order to accept the Report and Recommendation.  *Nelson v. Smith*, 618 F. Supp. 1186, 1189
(S.D.N.Y. 1985) (citations omitted).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate
Judge's proposed findings and recommendations, and in that case, the district court has an
obligation to make a *de novo* determination as to those portions of the Report and
Recommendation to which objections were made.  28 U.S.C. § 636(b)(1); *First Union Mortgage
Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000).  A district court judge, in making a *de novo*
determination, is afforded discretion in the weight placed on proposed findings and
recommendations.  *See United States v. Raddatz,* 447 U.S. 667, 676 (1980).  In its sound
discretion, a district court may afford a degree of deference to the Report and Recommendation.
Objections to a Report and Recommendation are to be "specific and are to address only those

portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992).  In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the Report and Recommendation for clear error.

## DISCUSSION

The Report and Recommendation of Magistrate Judge Yanthis, dated January 2, 2011, is well-reasoned and supported by law.  As noted above, CLICNY filed an interpleader complaint on December 11, 2009.  Thereafter, Judge Karas granted CLICNY's request to pay the funds directly to the Court and be dismissed from the action.  In doing so, the Court essentially stepped into the shoes of CLICNY.  Both policies contain discretionary language providing the insurer some discretion in payment of the proceeds from the insurance policies.  Both policies enumerate the classes of beneficiaries using permissive language indicating this discretion.  The Group Life Policy, No. FLY-960156, states that "the Insurance Company may, at its option, make direct payment to any of the following" classes of beneficiaries, which includes both parents of the Insured and the estate of the Insured.  Similarly, the Group Accident Policy, No. YOK-960175, states that the insurer "may make direct payment to the first surviving class of the following classes of persons," including parents of the covered person and the estate of the covered person. Interpreting the language according to its plain meaning, the insurer has discretion in paying the proceeds from the policy.

As such, the Court similarly has discretion to consider equitable factors in making such assessments.  The Report finds that the Renunciation executed by Robert Gambuti after Vincent Gambuti's death was a valid waiver of Robert Gambuti's right to benefit from his son's death.

4

The Report also discusses the well-documented fact that Robert Gambuti and Vincent Gambuti had been estranged for over twenty years and had very little contact, which is supported by the record.  Accordingly, it was appropriate to decline to adopt Robert Gambuti's assertion that by failing to select a beneficiary for the policies, the decedent implicitly intended the proceeds to go to Robert Gambuti, and finds that it is more reasonable that the failure to designate a beneficiary was simply an oversight.

Accordingly, in light of the above considerations, the Court finds that under the discretion provided in the insurance policies, the entire proceeds of the policies be paid to the Estate of Vincent Gambuti.

**CONCLUSION**

For the reasons above, the Court adopts the Report and Recommendation of Magistrate Judge Yanthis, in its entirety.  Accordingly, the funds from both CLICNY policies, totaling $96,000, shall be paid to the Estate of Vincent Gambuti.

SO ORDERED.

August ___, 2011

_____
RICHARD OWEN
UNITED STATES DISTRICT JUDGE